UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID ALLEN YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>　　　　Defendants. | Case No. 2:24-cv-00552-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff David Young's Complaint seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for benefits (ECF No. 6), and his Brief in support thereof (ECF No. 11). Also pending is the Commissioner's Cross-Motion to Affirm. ECF No. 13. The Court reviewed all briefing related to these Motions and finds as follows.

**I.  Background**

Plaintiff filed applications for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI") benefits on October 21, 2020. AR 478, 483. In his application, Plaintiff alleged he became disabled beginning on January 1, 2016. *Id.* Plaintiff alleged his disability arose from various conditions of the lumbar and cervical spine, a pinched nerve in his right leg, irritable bowel syndrome ("IBS"), and depression. AR 516. Upon an initial determination on April 28, 2021, Plaintiff was found not to be disabled. AR 339-40. A reconsideration followed on March 29, 2022, when Plaintiff was again found not to be disabled. AR 341-42. Plaintiff then filed a written request for a hearing before an Administrative Law Judge ("ALJ") on April 11, 2022, which took place by telephone on August 3, 2023. AR 413. On April 5, 2023, the ALJ returned a decision of not disabled. AR 15. Following a denial of review by the Appeals Council, Plaintiff filed this civil action on March 21, 2024 challenging the ALJ's determination on grounds that the ALJ failed to articulate clear and convincing reasons for rejecting his testimony regarding his symptoms.

## II. Standard of Review

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotation marks omitted). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

"When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). Finally, the court may not reverse an ALJ's decision on account of an error that is harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## III. Discussion

To establish whether a claimant is disabled under the Act, there must be substantial evidence that:

(a)   the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and

(b)   the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098; 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps are:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. *See* 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. *See* 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *See* 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. *See* 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. *See* 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. *See* 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *See id*.

*Id*. at 1098–99 (internal alterations omitted).

**IV.     Summary of ALJ's Findings**

At step one, the ALJ determined Plaintiff did not engage in substantial gainful activity after January 1, 2016, the alleged onset date of disability. AR 21. At step two, the ALJ found Plaintiff suffered from medically determinable severe impairments consisting of "disorders of the skeletal spine, abnormality of a major joint, other disorders of gastrointestinal system, hernias, and inflammatory bowel disease." *Id*. At step three, the ALJ found Plaintiff's impairment or combination of impairments did not meet or medically equal the severity of any listed impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1. AR 23.

In preparation for step four, the ALJ determined Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) 416.967(a) except that the claimant can lift and/or carry up to 10 pounds occasionally and less than 10 pounds frequently; can stand and/or walk for two hours out of an eight-hour workday; and can sit for six hours out of an eight-hour workday. The claimant can never climb ladders/ropes/scaffolds. The claimant can never crawl. The claimant can occasionally climb ramps/stairs, occasionally stoop, occasionally kneel, and occasionally crouch. The claimant can occasionally reach overhead. The Claimant can frequently reach laterally. The claimant is limited to no more than occasional exposure to extreme temperatures, vibration, and hazards such as unprotected heights and dangerous moving machinery like chainsaws and jackhammers.

*Id*.

At step four, the ALJ determined Plaintiff was not able to perform any past relevant work he had performed in the past fifteen years. AR 30. In making this finding, the ALJ considered the testimony of the vocational expert, who testified that "within the last 15 years the claimant has past relevant work as a restaurant manager (DOT#189.167-018, light skilled work, SVP 6, performed at heavy); cook (DOT#131.374-014, light semi-skilled work, SVP 3, performed at medium; and an orderly (DOT#355.674-018; heavy semiskilled work, SVP 4, performed at medium)." *Id.*

At step five, the ALJ determined that "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." In making this finding, the ALJ considered the testimony of the vocational expert, who testified that:

> [T]he individual would be able to perform the requirements of representative occupations such as a hand packager (DOT#920.687-030, unskilled sedentary work, SVP 2), of which there are approximately 20,000 positions in the national economy; an information clerk (DOT#237.367-046, unskilled sedentary work, SVP 2), of which there are approximately 86,000 positions in the national economy; and an office clerk (DOT#249.587-014, unskilled sedentary work, SVP 2), of which there are approximately 100,000 positions in the national economy.

AR 31.

The ALJ concluded that "[t]he claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2016, through [April 5, 2023,] the date of this decision." AR 32. The ALJ therefore denied Plaintiff's applications for SSDI and SSI benefits because he was not disabled under sections 216(i) and 223(d) and section 1614(a)(3)(A), respectively, of the Social Security Act. *Id*.

**V.     Discussion**

In his Complaint Plaintiff challenges only the ALJ's RFC determination. Stipulating that the ALJ otherwise fairly and accurately summarized the medical and non-medical evidence of record, Plaintiff asserts the ALJ did not state specific, clear and convincing reasons for rejecting his subjective testimony regarding the severity of his pain, symptoms, and limitations. EFC No. 11 at 5. In particular, Plaintiff asserts the ALJ discounted his testimony solely based on a lack of objective medical evidence to support them, and the ALJ merely recited the objective medical evidence and Plaintiff's reported daily activities without specifying how they contracted his testimony. *Id.* at 8-15. The Commissioner contends the ALJ was not merely relying on a lack of objective evidence to support Plaintiff's testimony, but because those allegations were inconsistent with the evidence. ECF No. 13 at 8.

Under Ninth Circuit precedent, ALJs are to assess the credibility of a claimant's testimony regarding the severity of their symptoms using a two-step process. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (superseded, in part, on other grounds by 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Once this first step is met, and provided there is no evidence of malingering, the ALJ can reject the

claimant's testimony "only by offering specific, clear and convincing reasons for doing so." *Id.* Under this standard, an ALJ cannot reject a claimant's subjective testimony regarding their symptoms solely based on lack of medical evidence corroborating every alleged symptom. *Smartt v. Kijakazi*, 53 F.4th 489, 494-95 (9th Cir. 2022). ALJs are required to make specific findings to support a conclusion that a claimant's allegations of severity are not credible. *Lingenfelter*, 504 F.3d at 1036.

      A.    <u>The ALJ's Discussion of the Objective Medical Evidence Does Not Provide Clear and Convincing Reasons for Discrediting Plaintiff's Symptom Allegations.</u>

In his Motion, Plaintiff argues the ALJ's recitation of the objective medical evidence on AR 29 (after previously having described the evidence in more detail on AR 25-26) does not qualify as clear and convincing reasons because the ALJ never indicated which pieces of evidence undermined his testimony. ECF No. 11 at 11. Plaintiff further argues the ALJ failed to acknowledge the pain associated with his lumbar spine had shown no improvement in response to treatment, or that he had been diagnosed with hip joint arthritis, which had also shown no improvement following treatment. *Id.* In response, the Commissioner asserts the ALJ's statements were not mere recitations, but a list of evidence in the record contradicting Plaintiff's alleged symptoms. ECF No. 13 at 5-6. The Commissioner notes that the ALJ indicated diagnostic test results that could not find a source for Plaintiff's alleged thoracic spine pain, as well as records indicating his cervical spine was responding favorably to treatment. *Id.* at 7. Regarding the ALJ's failure to address Plaintiff's hip condition, the Commissioner pointed out that Plaintiff never alleged a hip condition limited his physical activity in his initial disability report or during the hearing before the ALJ. ECF No. 13 at 6-9.

The Court agrees with Plaintiff. The ALJ's discussion of the objective medical evidence was lacking. Notably, although conditions of the lumbar spine are central to Plaintiff's claim of disability,[1] the ALJ did not discuss how any piece of evidence in the record contradicted or otherwise discredited Plaintiff's alleged lumbar symptoms. After stating "the alleged severity of total disability is not supported by the record as a whole," AR 28, the ALJ devoted the following page to citing

---

[1]     Of the five spinal conditions included in Plaintiff's original disability report, three relate specifically to the lumbar spine, one relates to the cervical spine, and one is general "arthritis of the spine." AR 316.

pieces of the objective medical evidence. AR 29. The ALJ first acknowledged Plaintiff has a history of degenerative disc disease of the lumbar spine and then listed the treatment he had received for this condition. *Id.* However, rather than discussing Plaintiff's response to this treatment, which the record indicates was not positive (AR 1553, 1792), the ALJ proceeded to describe Plaintiff's cervical spine condition, for which he underwent reconstructive surgery. AR 29. The ALJ did not discuss Plaintiff's response to this surgery in this section of her decision, though she noted at an earlier point that this surgery "provided substantial relief of all his pre-existing symptomatology." AR 25 (citing AR 1792). To the extent the ALJ intended to incorporate this observation by reference in her later discussion of the record, the Court notes the medical record cited refers only to relief from symptoms of the *cervical* spine, not lumbar spine. AR 1792. In fact, the record states that Plaintiff was experiencing worsening lower back pain at the time. *Id.*

The ALJ next proceeded to describe Plaintiff's history of mild degenerative disc disease of the thoracic spine. AR 29. The ALJ then noted that an MRI revealed no acute pathology that could explain Plaintiff's alleged thoracic spine pain. *Id.* But again, while this may provide a clear reason for discrediting alleged thoracic spine pain, it cannot form a basis for discrediting Plaintiff's alleged lumbar spine pain. While the ALJ did go on to cite medical records that seem to be inconsistent with Plaintiff's alleged gastrointestinal symptoms, hip pain,[2] and nerve damage in his extremities, AR 29, the ALJ never circled back to address Plaintiff's lumbar spine symptoms.

Though it is not the place of a reviewing court to second guess an ALJ's weighing of the evidence before them, an ALJ is nonetheless required to show that the relevant evidence was, in fact, being weighed. *See Turayl P.A. v. O'Malley*, Case No. 3:23-cv-1589-WQH-DTF, 2024 WL 3103318, at *9 (S.D. Cal. June 24, 2024) ("An ALJ must consider all relevant evidence in the record and not rely solely on only those portions that support his findings."). Here, because Plaintiff's lumbar spine symptoms are at the core of his claim of disability, the ALJ did not sufficiently "show her work" when she failed to mention a single piece of evidence discrediting Plaintiff's testimony

---

[2] As the Commissioner notes, Plaintiff's alleged hip pain was not mentioned in his initial application for benefits and was only mentioned tangentially during the hearing before the ALJ. Based on this, the Court agrees that these symptoms were not material to the ultimate issue of disability determination and, therefore, the ALJ was not required to address them further than she did by mentioning the "unremarkable" x-ray results at AR 29.

regarding these symptoms. *See Leslie R.M. v. O'Malley*, Case No. 2:24-cv-01266-JDE, 2024 U.S. Dist. LEXIS 157922, at *15 (C.D. Cal. Aug. 31, 2024) (finding reversible error where the ALJ provided no reason for rejecting testimony regarding symptoms that were "material to the ultimate disability determination").

The Commissioner's arguments to the contrary are unpersuasive. The Commissioner's Brief offers various reasons for discrediting Plaintiff's testimony never directly stated by the ALJ herself. For example, the Commissioner asserts the ALJ concluded at AR 24-26 that medical imaging of Plaintiff's spine did not support limitations beyond that of the RFC determination. ECF No. 13 at 6. But this portion of the ALJ's decision does not mention any such conclusion at all. Instead, the pages cited by the Commissioner simply list the results of various medical imaging without commenting on them or drawing any conclusions. The Court does not consider findings or reasoning not included in the record below. *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

The Commissioner later claims the ALJ "reasonably found that Plaintiff's positive response to prescribed treatment also contradicted his subjective allegations." *Id.* at 8-9. Again, however, the cited pages only show the ALJ mentioned certain treatments received by Plaintiff, interspersed with descriptions of various diagnostic imaging, with no attempt made to connect this evidence to any specific allegation by Plaintiff which she found to be inconsistent. AR 23-29. The Commissioner then mistakenly highlights the portion of the record stating Plaintiff experienced "substantial … [improvement] of all his pre-existing symptomatology" following his neck surgery. ECF No. 13 at 9 (citing AR 1792). As explained above, however, that observation was only in reference to Plaintiff's *cervical* spine symptoms. The same file notes that he experienced "no relief at all" from his lower back pain following treatment. AR 1792.

The Commissioner also asserts, contrary to Plaintiff's characterization, the ALJ (at AR 26-29) "explained that she discounted Plaintiff's allegations because Plaintiff's allegations were inconsistent with the objective medical evidence–not because the record lacked medical evidence."

8

ECF No. 13 at 8. Citing *Smartt*, the Commissioner argues that this inconsistency may properly be used to undercut Plaintiff's subjective testimony. ECF No. 13 at 8. But nowhere in the portions cited by the Commissioner did the ALJ state that any piece of evidence was "inconsistent" with Plaintiff's testimony; rather, she stated "the evidence does not fully support" Plaintiff's testimony. AR 29. The Commissioner's citation to *Smartt* is therefore inapposite. That case involved a claimant who stated at her hearing that she had not driven since 2015 and had consistently used a walker since 2016, despite the record indicating that she regularly drove and walked without the use of a mobility aid. *Smartt*, 53 F.4th at 498. No such direct contradiction or inconsistency was noted by the ALJ here. As *Smartt* itself acknowledged, an ALJ may not reject a claimant's subjective symptom testimony by "demanding positive objective medical evidence fully corroborating" that testimony. *Id.* at 499 (quoting *Burch*, 400 F.3rd at 681. The Court struggles to see how the ALJ did not do precisely that when her only express finding regarding Plaintiff's testimony was that "the evidence does not fully support" it. AR 29.

Finally, the Court cannot accept the Commissioner's bare assertion that the ALJ considered the prior medical opinions of the state disability agency and "reasonably concluded" that they did not support Plaintiff's allegations, ECF No. 13 at 10-11, when the ALJ at no point indicated how these opinions undermined the allegations. While the Commissioner is correct that prior medical opinions can be used to discount a claimant's subjective allegations when they are inconsistent with them, *see Stobie v. Berryhill*, 690 Fed.Appx. 910, 911 (9th Cir. 2017), the ALJ is still required to specify *how* the opinions are inconsistent. The ALJ did not do so here.

        B.        <u>The ALJ Did Not Sufficiently Explain How Plaintiff's Daily Activities Contradicted His Symptom Allegations</u>.

Plaintiff argues that the ALJ's general discussion of Plaintiff's reported daily activities does not qualify as a clear and convincing reason for discrediting his symptom testimony. Under Ninth Circuit precedent, a claimant's daily activities can only be used to discredit their symptom testimony if the activities are inconsistent with the claimant's claimed limitations or if the activities involve the use of skills or physical functions that are transferable to a work setting. *Fair v. Bowen*, 885 F.2d 597 (9th Cir. 1989). Plaintiff also argues that the ALJ's recitation of his daily activities fails to

satisfy either of these uses. ECF No. 11 at 13. The Commissioner argues that Plaintiff misconstrues the ALJ's references to his daily activities. In the Commissioner's telling, rather than giving a perfunctory recitation of Plaintiff's reported activities, the ALJ found that Plaintiff's ability to prepare meals, do dishes, do laundry, and vacuum contradicted his allegations that he could not perform the limited range of work indicated in the ALJ's RFC finding. ECF 13 at 10. Citing *Burch*, the Commissioner argues that this finding of contradiction between alleged symptoms and daily activities is a sufficient basis for discounting Plaintiff's subjective testimony. *Id.*

The Court disagrees with the Commissioner's characterization. While it is true that an ALJ may consider any of a claimant's daily activities that "may be seen as inconsistent with the presence of a condition which would preclude all work activity," *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990), the ALJ here at no point specified which of Plaintiff's reported activities were inconsistent with his subjective testimony. In fact, she never expressly stated they were inconsistent with his reported symptoms at all; rather, she stated only that his daily activities were consistent with objective medical evidence and the residual functional capacity to perform sedentary work. AR 29-30. Such a statement does not amount to specific, clear, and convincing reasons for discounting Plaintiff's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015) ("[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination."). Though a finding that daily activities are consistent with a level of residual functional capacity does *imply* that they cannot also be consistent with the severity of symptoms Plaintiff describes, an ALJ cannot satisfy the clear and convincing standard through implication alone. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1203 (9th Cir. 2024) (an ALJ may not rely on a claimant's daily activities to discredit his symptom testimony when "the ALJ d[oes] not explain how, in his view, [Plaintiff]'s testimony about those daily activities is inconsistent with his testimony about the severity and frequency" of his symptoms). To the extent Plaintiff's daily activities are inconsistent with the severity of his alleged symptoms, the ALJ failed to state this clearly in the record.

### VI. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and Remand (ECF No. 11) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Affirm (ECF No. 13) is DENIED.

IT IS FURTHER ORDERED that the final decision of the Commissioner is REVERSED, and the case REMANDED for further proceedings.

IT IS FURTHER ORDERED that judgement be entered in favor of Plaintiff and against the Commissioner.

IT IS FURTHER ORDERED that the Clerk of Court close this case and enter judgment accordingly.

Dated this 24th day of October, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE